# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

                v.

KAREEM BATES,

    Petitioner.

CIVIL ACTION No. 3:04-CR-0251

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is Petitioner Kareem Bates' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. 50.) For the reasons stated below, the motion will be denied in part and an evidentiary hearing will be held. A certificate of appealability will not be issued.

## **BACKGROUND**

On August 3, 2004, the government filed an indictment against Petitioner Bates charging three (3) counts of violating 21 U.S.C. § 841(a)(1), one (1) count of violating 18 U.S.C. § 924(c)(1)(A), and one (1) count seeking criminal forfeiture under 21 U.S.C. § 853. (Doc. 1.) On August 17, 2004, Petitioner pled not guilty to all counts of the indictment. (Doc. 5.) On December 7, 2004, the government entered into a plea agreement with Petitioner. (Doc. 17.) On February 15, 2005, Petitioner's counsel, Michael Kostelaba, was granted the right to withdraw from the case. (Doc. 25.) James Swetz was appointed as new counsel for Petitioner. (Doc. 26.)

On June 23, 2005, Petitioner withdrew his not guilty plea to Counts III (firearm

charge, 18 U.S.C. § 924(c)(1)), IV (distribution and possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1)), and V (forfeiture, 21 U.S.C. § 853) of the Indictment, and entered a plea of guilty to those counts. (Docs. 36, 37.) On September 26, 2005, Petitioner was sentenced to a term of one hundred twenty-five (125) months. (Doc. 44.) Petitioner did not file an appeal.

On July 17, 2006, Petitioner filed the instant § 2255 motion. (Doc. 50.) Supporting (Doc. 51), opposing (Doc. 61), and reply (Doc. 67) briefs were filed. Petitioner then filed a Consolidated Motion to Amend and Supplement his § 2255 motion. (Doc. 68.) By order of November 6, 2006, the Court construed Petitioner's brief in support of his motion to Amend and Supplement as part of the motion and ordered that the government had fifteen (15) days to file a response. (Doc. 69.) No response has been filed. Motions to amend habeas corpus petitions are governed by the Federal Rules of Civil Procedure, *Riley v. Taylor*, 62 F.3d 86, 89-90 (3d Cir. 1995), which provide that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15. Petitioner's proposed supplement to his motion is based on appellate court interpretations of the manner in which *United States v. Booker*, 543 U.S. 220 (2005), changed district courts' discretion regarding the sentencing differential between cocaine base ("crack cocaine") and powder cocaine. Since the time that Bates filed his petition, the Sentencing Guidelines pertaining to crack cocaine have been lowered. The change in the Guidelines will be made retroactive beginning March 3, 2008, "at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized." (Memorandum from The United States Sentencing Commission, to Judges, United States Courts of Appeals et al., 2 (Dec. 12, 2007)). In light of this change

2

in law under which Bates may soon challenge his sentence in Count IV, I conclude that justice does not require that Bates be permitted to supplement his petition at this time with arguments based on older law.  His motion to Amend and Supplement will therefore be denied.

Finally, along with his reply brief, Bates included a motion to expand the record in accordance with Rule 7 of the Rules Governing Section 2255 Proceedings and filed a declaration in which he swore that "I repeatedly and vehemently stressed to Mr. Swetz that I wanted to appeal the 924(c)(1) count. ... During and after sentencing I repeatedly insisted that Mr. Swetz file an appeal but he consistently expressed to me that I had no grounds to do so." (Decl. of Kareem Bates, Sept. 20, 2006, Doc. 67 ¶¶ 4-5.)  Rule 7 allows the Court to expand the record to include Bates' declaration, but requires I first give the opposing party an opportunity to admit or deny the correctness of the additional materials.  The Government has had that opportunity, as the motion to expand was served on the Assistant United States Attorney.  I will therefore allow the expansion of the record.

Petitioner's § 2255 motion is fully briefed and ripe for disposition.

### LEGAL STANDARD

In order to prevail on a § 2255 motion to vacate, set aside, or correct a sentence, a petitioner must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th

Cir. 2003). Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts instructs that if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Otherwise, the court must hold an evidentiary hearing on the motion. *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005).

## DISCUSSION

### I. Petitioner's Arguments for Collateral Relief

Petitioner challenges his sentence for Count III on the following grounds. First, he argues that the Court committed plain error under Rule 11 of the Federal Rules of Criminal Procedure by not advising Petitioner "that he was pleading guilty to an amended offense that was not charged in the indictment," (Doc. 51, at 3). Second, he argues that his plea was induced by the ineffective assistance of counsel. Third, he argues that the Indictment impermissibly charged a "duplicitous" count, in that it set forth separate and distinct crimes in a single count, in violation of the Sixth Amendment to the United States Constitution. Fourth, he argues that his underlying conduct does not support a conviction on Count III of the Indictment for either *use and carrying* of a firearm *during and in relation* to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) or for *possession* of a firearm *in furtherance of* a drug trafficking crime, which Petitioner contends is a separate, distinct offense under 18 U.S.C. § 924(c)(1).

A defendant who has not challenged a guilty plea on direct review is procedurally defaulted from attacking it in a habeas petition unless he "can first demonstrate either [1]

4

'cause [meaning that the failure to directly appeal was caused by the error petitioner now challenges] and actual prejudice' or [2] that he is 'actually innocent.'" *United States v. Garth*, 188 F.3d 99, 106 (1999) (citing *Bousley v. United States*, 523 U.S. 614 (1998)). Because even challenges that generally cannot be reviewed for the first time on a § 2255 motion may be reviewed "as part of a successful claim that counsel provided ineffective assistance," *e.g., Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001), Bates' challenge to his Indictment as duplicitous will be discussed in the context of his ineffective assistance of counsel claim.

## II. Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel may be brought in the first instance by way of a § 2255 motion regardless of whether the movant could have asserted the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). A successful claim for ineffective assistance of counsel must demonstrate both "that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). Counsel's performance is deficient if, "considering all the circumstances," the specific acts or omissions that the criminal defendant identifies fall outside "the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

### A. Plea Process

To show the requisite prejudice when alleging inadequate assistance during the plea process, Petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockart*, 474 U.S. 52, 59 (1985). This inquiry will in many cases "closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial," because the question of whether the defendant was prejudiced by pleading guilty without the benefit of evidence that counsel did not discover or affirmative defenses about which counsel did not advise him depends on whether such evidence or defenses would likely have changed the outcome at trial. *Id.*

Petitioner argues that his counsel rendered ineffective assistance during the plea process by misrepresenting to Petitioner the essential elements and factual basis for the § 924(c)(1)(A) offense, specifically, not explaining a difference that Petitioner argues exists between the offense as described in the indictment and the offense to which he pled guilty; failing to conduct an adequate investigation of the case by not investigating the factual basis for Count III of the indictment or reviewing the Courts of Appeals' varying interpretations of § 924(c)(1); and failing to challenge the sufficiency of the indictment.

These claims of prejudice are premised on the argument that Bates' counsel failed to recognize or communicate to Bates that his Indictment was flawed. Count III of the Indictment, to which Petitioner pled guilty, states that he "knowingly *used and carried and possessed* a firearm, one Smith and Wesson pistol, Model 629-3, Caliber .44 Magnum,

6

*during and in relation to* a drug trafficking crime, for which he may be prosecuted in a court of the United States, in violation of Title 18, United States Code, Section 924(c)(1)." (Doc. 1) (emphasis added). Petitioner argues that 18 U.S.C. § 924(c)(1)(A)[1] criminalizes two (2) distinct offenses: (1) *"us[ing] or carr[ying]* a firearm ... *during and in relation to*" a crime of violence or a drug trafficking crime, and (2) "*possess[ing]* a firearm" "*in furtherance of* any such crime." (Doc. 51 (quoting § 924(c)(1)(A))). He argues that, therefore, his Indictment failed to charge him with any codified firearms offense under federal law; was duplicitous; and was effectively amended, depriving him of his right to face charges only for crimes with which a grand jury indicted him. These arguments are without merit.

First, Bates' argument that the Indictment failed to charge him with any codified offense is without merit, because the Indictment explicitly states that Bates "used and carried ... a firearm ... during and in relation to a drug trafficking crime" (Doc. 1), which Bates identifies as an offense under § 924(c)(1)(A). Second, without deciding whether § 924(c)(1)(A) in fact criminalizes two (2) distinct offenses, I conclude that Count III was not duplicitous. An indictment is duplicitous if it "join[s] in a single count ... two or more distinct and separate offenses." *United States v. Pungitore*, 910 F.2d 1084, 1135 (3d Cir. 1990). Of the two offenses that Bates argues are criminalized by § 924(c)(1)(A), only one is included in Count III of the Indictment. Although the Indictment alleges that Bates

---

[1] 18 U.S.C. § 924(c)(1)(A) reads: "[A]ny person who, during and in relation to any crime of violence or drug trafficking crime ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm," shall be punished in addition to the punishment for the crime of violence or drug trafficking crime.

possessed a firearm, it does not allege that he possessed a firearm "in furtherance of" a drug trafficking crime. Thus, even if the statute is read in the manner Bates advocates, he was indicted on only one offense.

Third, Petitioner Bates' argument that Count III of the Indictment was amended by the plea agreement is also without merit. Petitioner has not claimed that his Indictment underwent an "actual amendment," which "occurs when the prosecutor actually changes the text of the indictment." *United States v. Budd*, 496 F.3d 517, 521 (6th Cir. 2007). Instead, he argues that his plea bargain effected a "constructive amendment" to the Indictment. A constructive amendment "results when the terms of an indictment are in effect altered by the *presentation of evidence and jury instructions* which ... modify essential elements of the offense charged ..." *Id.* (emphasis added). In other words, a constructive amendment "occurs where a defendant is deprived of his 'substantial right to be *tried* only on charges presented in an indictment returned by a grand jury.'" *United States v. Syme*, 276 F.3d 131, 148 (3d Cir. 2002) (quoting *United States v. Miller*, 471 U.S. 130, 140 (1985)) (emphasis added). An amendment is one "type[] of variation[] between the indictment and *evidence*" that exists. *See United States v. Castro*, 776 F.2d 1118, 1121 (3d Cir. 1985) (emphasis added). Amendments do not occur, however, when there is no trial. As the Government points out (*see* Br. in Opp'n, Doc. 61, at 6), Petitioner Bates pled guilty to the Counts alleged in the Indictment. His argument that his Indictment was amended, therefore, is without merit.

**B. Failure to Appeal**

Bates argues his counsel rendered ineffective assistance by failing to file an appeal even though Petitioner instructed him to, and by representing to Petitioner that he had no grounds for an appeal. (*See* Reply Br., Doc. 67, at 9.) "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Furthermore, a petitioner who demonstrates that his attorney failed to file a requested appeal need not make a showing that he suffered actual prejudice because of that failure. In *Rodriquez v. United States*, 395 U.S. 327 (1969), a § 2255 petitioner argued that he had been improperly denied his right to appeal his conviction because he requested his counsel appeal, but counsel failed to do so. In that case, immediately after sentencing, counsel attempted to move for leave for petitioner to proceed in forma pauperis, but was cut off by the trial judge, who stated that all motions must be in writing and adjourned court. No motions were ever filed until petitioner attempted to file a notice of appeal himself, after the time limit had expired. *Id.* at 328. On review, the Supreme Court rejected a requirement, which lower courts had imposed, that those in petitioner's position "disclose what errors they would raise on appeal and ... demonstrate that denial of an appeal had caused prejudice." *Id.* at 329. Such a requirement was too burdensome for petitioners who are often proceeding pro se, the Court reasoned. "Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage of the proceedings." *Id.* at 330.

9

This approach remains controlling. For example, in *United States v. Peak*, 992 F.2d 39, 40 (4th Cir. 1993), the defendant pled guilty but requested that his attorney file a notice of appeal regarding his sentence. When his attorney failed to do so, defendant filed a § 2255 petition arguing he had received ineffective assistance of counsel. *Id.* The court, in light of *Rodriquez* and decisions from other circuit courts of appeals, found in favor of the petitioner and held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, *notwithstanding that the lost appeal may not have had a reasonable probability of success*." *Id.* at 42 (emphasis added); *see also McHale v. United States*, 175 F.3d 115, 118 n.2 (2d Cir. 1999) (citing cases from First, Fourth, Seventh, Eighth, Ninth, and Tenth Circuit Courts of Appeal holding that no showing of prejudice is required in a § 2255 petition when an attorney failed to file or pursue an appeal).

Bates' case differs from the situation in *Flores-Ortega*, where the attorney, after not consulting with the defendant, failed to appeal, *see id.* at 484, because Bates alleges that he and his attorney, then James Swetz, did discuss the possibility of appeal. Bates contends that in these discussions, although he "repeatedly insisted that Mr. Swetz file an appeal, ... he consistently expressed to me that I had no grounds to do so." (Bates Decl., Doc. 67 ¶ 5.) While attorney Swetz appears to have complied with the requirement that he consult with his client about an appeal "whenever there is reason to think ... [that the defendant] reasonably demonstrated to counsel that he was interested in appealing," *Flores-Ortega*, 528 U.S. at 480, the decision whether to appeal still ultimately rests with

the defendant. *Id.* at 485. Counsel's failure to file a notice of appeal after being instructed to do so "cannot be considered a strategic decision." *Id.* at 477.

*Castellanos v. United States*, 26 F.3d 717, 718 (7th Cir. 1994) presented a situation similar to the one at hand. There, the petitioner stated that "he told his lawyer to appeal, but the lawyer refused, informing Castellanos that one may not appeal from a sentence based on a plea of guilty." The court granted the petitioner's motion, not based on any evaluation of the attorney's advice, but because the decision to appeal is the defendant's and his alone. "If the defendant wants to take an imprudent appeal, the lawyer properly may try to talk him out of it. ... But if the defendant nonetheless insists on appealing, the lawyer must file the notice of appeal and represent his client earnestly unless relieved by the court of appeals." *Id.* at 719.

When there is no dispute that Petitioner actually requested that his attorney file an appeal and his attorney did not file one, the appropriate remedy is to "vacate [Petitioner's] judgment of conviction and enter a new judgment from which an appeal can be taken." *Peak*, 992 F.2d at 42 (citing *Estes v. United States*, 883 F.2d 645, 649 (8th Cir. 1989)). But if there is a dispute, or if it is unclear whether the petitioner actually requested his attorney to file an appeal, the district court must first hold an evidentiary hearing. *United States v. Privott*, 31 Fed. Appx. 294, at **1 (4th Cir. Mar. 29, 2002) (unpublished opinion); *Castellanos v. United States*, 26 F.3d 717, 720 (7th Cir. 1994); *Estes*, 883 F.2d at 649.

In this case, Bates asserts that he insisted his attorney appeal but his attorney refused to do so. He also stated, however, that he "*submitted to* his attorney's repeated misrepresentations that he had no grounds for an appeal." (Doc. 51, at 15) (emphasis

11

added). It is thus unclear whether Bates' attorney improperly refused to file his appeal or simply was successful in talking Bates out of appealing. As such, an evidentiary hearing on this issue is warranted.

**III. Error Under Rule 11**

"A defendant will rarely, if ever, be able to obtain relief for Rule 11 violations under § 2255...." *United States v. Dominquez Benitez*, 542 U.S. 74, 83 n.9 (2004). Relief for Rule 11 claims through a habeas corpus petition "is open only in the most egregious cases." *Id.* at 83 & n.9. Petitioner's only argument that a Rule 11 violation occurred is based on his contention that Count III of his Indictment was amended. As discussed above, no amendment occurred, and Petitioner has in no other way pointed to evidence of the egregiousness necessary for habeas relief.

**IV. Actual Innocence**

The Government argues that Bates is procedurally defaulted from arguing that the underlying facts do not support his plea, arguing that because the Supreme Court, in *Dretke v. Haley*, 541 U.S. 386 (2004), left open the question whether the actual innocence exception can be applied outside the death penalty context, the Third Circuit Court of Appeals decision in *Johnson v. Pinchak*, 392 F.3d 551 (3d Cir. 2004), controls here. *Johnson*, the Government argues, "effectively shut the door on the application of the [actual innocence] exception [to procedurally barred claims in a habeas petition] outside of the death penalty context." (Doc. 61, at 16.)  While the holding in *Johnson* was

12

slightly more narrow – the court held that it was error to "conclud[e] that the focus of the 'actual innocence' standard is *eligibility* for the death penalty," rather than "the sentence actually *imposed*," – *Johnson* nonetheless provides support for the Government's position. 392 F.3d at 565. The court stated that while the "prototypical example ... of the actual innocence exception is where the petitioner is innocent of *all* criminal wrongdoing, such as where he claims that the government has convicted the wrong person," the exception has also been "extended to cases where the defendant claims to be 'innocent of the death penalty.'" *Id.* at 564 (emphasis added). The *Johnson* decision does not contemplate other applications of the exception, for example, where a petitioner is actually innocent of only one charge or one part of his sentence other than the death penalty.

Moreover, even if Petitioner were not procedurally defaulted from arguing actual innocence, his argument would fail. Bates' claim of innocence is based on the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995), which narrowed the definition of "use" of a firearm in § 924(c)(1)(A) to mean "actively employ[ing]" the firearm, not merely having it nearby, during the commission of the predicate offense. Courts have subsequently made clear, however, that "*Bailey* is not implicated" where the petitioner is clearly convicted of *carrying* a firearm. *United States v. Eyer*, 113 F.3d 470, 475-76 (3d Cir. 1997). Carrying a firearm, within the meaning of § 924(c)(1)(A), "includes conveyance in a vehicle," even "in the locked glove compartment or trunk." *Muscarello v. United States*, 524 U.S. 125, 126-28 (1998). Bates has not challenged the Government's assertion that, at the conclusion of a car chase, police found a handgun, along with

heroin, abandoned along the path of pursuit.  (*See* Doc. 61, at 4.)  Therefore, he has not argued that the underlying facts do not support his guilty plea to, at the least, carrying a firearm during and in relation to a drug trafficking crime.

## CONCLUSION

Because Petitioner Bates' arguments based on ineffective assistance of counsel during the plea process, Rule 11 error by the trial judge, and actual innocence are all either without merit or procedurally barred, his Motion to Vacate, Set Aside, or Correct his sentence will be denied in part.  Because Petitioner has not made a substantial showing of the denial of a constitutional right with regard to these grounds, a certificate of appealability will not be issued.  Because Petitioner has sufficiently alleged that he was denied effective assistance of counsel when his attorney refused to file a requested appeal, an evidentiary hearing on the factual basis of that claim will be held.

An appropriate order will follow.

January 7, 2008                              /s/ A. Richard Caputo
Date                                         A. Richard Caputo
                                             United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>          v.<br><br>KAREEM BATES,<br><br>    Defendant. | CIVIL ACTION No. 3:04-Cr-0251<br><br>(JUDGE CAPUTO) |

**ORDER**

Now, this 7th day of January, 2008, it is **HEREBY ORDERED** that Defendant's Motions are **DENIED** in part and **taken under advisement** in part, as follows:

(1) Petitioner's Motion to Amend and Supplement his § 2255 motion is **HEREBY DENIED**.

(2) Petitioner's Motion to Expand the Record in Support of his § 2255 motion is **HEREBY GRANTED**.

(3) All grounds of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 50) not relating to ineffective assistance of counsel for failure to file an appeal are **HEREBY DISMISSED**.

(4) The Court will hold an evidentiary hearing on the remaining ground supporting Petitioner's Motion: the claim that he requested his attorney to file a notice of appeal and the attorney failed to do so.

(5) Pursuant to the Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(c), the Court shall appoint counsel to represent Mr. Bates.

(7) The Clerk shall withhold the entry of judgment until the conclusion of the case.

/s/ A. Richard Caputo<br>
A. Richard Caputo<br>
United States District Judge